UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIAN-RUI SI, MAO-TIN SUN,<br><br>    Plaintiffs,<br><br>    v.<br><br>CSM INVESTMENT CORP., DBA DARDA SEAFOOD RESTAURANT, SHIH-KWEI CHEN & DOES 1 TO 10,<br><br>    Defendants. | Case No.: C- 06-7611    PVT<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT AND REFERRING CASE FOR EARLY JUDICIAL SETTLEMENT CONFERENCE |

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs Tian-Rui Si ("Si") and Mao-Tin Sun ("Sun", collectively "Plaintiffs") brought this action alleging failure to pay overtime as required by the California Labor Code and the Fair Labor Standards Act ("FLSA", 29 U.S.C. § 201 et seq.).[1]  Plaintiffs were cooks of Defendant CSM Investment Corp., dba Darda Seafood Restaurant ("CSM").  Defendant Shih-Kwei Chen is the Manager at Darda Seafood Restaurant.

On March 28, 2007, Defendants filed a Motion to Dismiss, setting the hearing date for May 8, 2007.  On April 17, 2007, Plaintiffs filed a First Amended Complaint ("FAC") and an

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

Opposition to Defendant's Motion to Dismiss the original Complaint, but addressing facts alleged in the FAC. The FAC is substantially similar to the original Complaint. The only differences are: 1) the FAC does not contain paragraph 11 of the original complaint, asserting that Defendant Chen is the alter ego of Defendant CSM; and 2) paragraph 20 of the FAC (21 of the original complaint) contains a more detailed allegation of jurisdiction under the FLSA.[2]

On March 24, 2007, Defendants filed a Motion to Dismiss the First Amended Complaint and a Stipulation to shorten time so that the Motion to Dismiss the First Amended Complaint could be heard on the same day as the Motion to Dismiss the original Complaint. The Stipulation stated that no new issues would be raised in the Reply Brief. On May 1, 2007, the Court granted Plaintiff's request to file a supplemental brief to address a new issue raised in the Reply Brief.[3]

Individual Defendant Chen moves to dismiss the state law claims (counts one, three, four and five), arguing that individuals cannot be sued under the state law alleged. Defendants also move to dismiss: 1) under Rule 12(b)(1), for lack of subject matter jurisdiction; 2) under 12(b)(3), for improper venue; 3) under 12(b)(6), for failure to state a claim . Finally, Defendants also ask the court to convert the motion to one for summary judgment and grant it based on Plaintiffs' failure to rebut their evidence with competent declarations.

## II.   DISCUSSION

### A.   Defendant Chen's Motion to Dismiss State Law Claims

Defendants move to dismiss all the state claims because Defendant Chen is not properly named as a defendant under California law. Plaintiffs conceded at the hearing that individual managers cannot be held liable under California law. *See Reynolds v. Bement*, 36 Cal.4th 1075, 1087 (2005) (no individual liability under section 1194 for failure to pay minimum wage or

---

[2] The original complaint alleged that plaintiffs' employment was subject to FLSA by virtue of their direct engagement in interstate commerce. The FAC adds "or in production of goods for commerce or by their employment with defendant CSM Investment Corp. who was, at all times relevant, an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(s).

[3] At 11:23 p.m. on May 7, 2007, Defendants filed Objections to Plaintiff's Supplemental Brief. Because this brief was filed without permission, the Court has not considered the brief.

overtime). Accordingly, the motion is granted as to Defendant Chen.[4] However, the dismissal only applies to Defendant Chen, the state counts remain against Defendant CSM.

**B.     Motion to Dismiss for Lack of Jurisdiction**

1.     Legal Standards for Motion to Dismiss under Rule 12(b)(1)

Rule 12(b)(1) allows this Court to dismiss a claim for lack of jurisdiction. "It is a fundamental principle that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, the plaintiff bears the burden of establishing subject matter jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). When a defendant challenges the factual existence of jurisdiction, as opposed to the sufficiency of the allegations in the complaint, the Court may properly consider facts outside of the complaint, can evaluate disputed facts to determine jurisdiction, and need not assume the truthfulness of the allegations in the complaint. *Doe v. Schacter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992), *citing Thornhill Pub. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733-35 (9th Cir. 1979). However, "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Doe*, 804 F. Supp at 57.

In this case, the Defendants are challenging the existence of jurisdiction, not merely the sufficiency of the allegations. Whether CSM is covered by the FLSA depends on whether it qualifies as an enterprise handling goods that have been moved in interstate commerce. This issue is separate from the issues of how many hours Plaintiffs worked and what compensation they received. Accordingly, the court may properly make a factual determination as to jurisdiction. Jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action" and a dismissal for want of jurisdiction is only appropriate where the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or

---

[4] Defense counsel moved on behalf of the Doe Defendants. Because the Doe Defendants have not yet been identified, they are not represented by Defense counsel and no motion is properly before the courts on the basis of the Doe Defendants.

where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

### 2. Definition of Covered Employer Under FLSA

The maximum hour and overtime provisions of the FLSA apply to any employee who:

> is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce.

29 U.S.C. § 207.

The FLSA defines "commerce" as:

> trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.

29 U.S.C. § 203 (b).

The FLSA defines "Enterprise" as:

> the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor.

29 U.S.C. § 203(r)(1).

The FLSA defines an "Enterprise engaged in commerce or in the production of goods for commerce" as

> an enterprise that--
> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce **by any person**; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1) (emphasis added). Additionally, the act should be interpreted in light of its purpose "to extend federal control in this field throughout the farthest reaches of the channels of interstate commerce." *Overstreet v. North Shore Corp.*, 318 U.S. 125, 128 (1943) (citation

omitted).

Defendants have not challenged the annual gross volume of sales requirement. Instead, Defendants assert no engagement in commerce by any employees and dispute that CSM qualifies as an "enterprise."

### 3. Individual Employee Coverage

Defendants argue that the Plaintiffs do not meet the individual "engaged in commerce" test in their jobs as cooks. Plaintiffs argue that their employment was directly engaged in commerce because they prepared food eaten by interstate travelers and used supplies that must have been moved in commerce. Defendants submitted a declaration from Defendant Chen stating that all suppliers for the restaurant have been in California and that he lacked personal knowledge of the sources of his suppliers. (Chen Decl. ¶ 6.) Plaintiffs argue that defendant's employees do not have to move the goods, they just need to be involved with "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" 29. U.S.C. § 203(s)(1)(A)(i.) That section, however, defines an enterprise engaged in commerce.

The definition for individual coverage requires that the employee "is engaged in commerce or in the production of goods for commerce" and is not so broad as to include working on goods or materials that have been moved in commerce by any person." 29 U.S.C. § 207. The occasional service of food to people traveling interstate and the handling of food that was moved interstate is insufficient to establish that the individual employee is engaged in commerce. *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943) ("So handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not"); *See also Russell v. Continental Restaurant, Inc.*, 430 F. Supp.2d 521, 525-27( D. Md. 2006) (waitress at restaurant possibly serving out of state patrons not engaged in commerce); *Lamont v. Frank Soup bowl, Inc.* 2001 WL 521815 at *2 (S.D.N.Y. May 16, 2001)(same); *Xelo v. Mavros*, 2005 WL 2385724 at * 4-5 (E.D.N.Y. Sep 28, 2005) (same). However, the employees are still covered if the employer is covered as an enterprise.

1          4.      <u>Enterprise Coverage</u>

Defendants argue that CSM cannot be covered by FLSA because it does not have employees engaged in commerce and is not an enterprise.

                a.      Employees Were Engaged in Commerce

Plaintiffs argue that Darda Seafood Restaurant serves food to interstate travelers based on a number of hotels and two Interstate Highways, I-680 and I-880, near the restaurant. (Wang Decl. Exhs. 1, 2). Plaintiffs rely on *Shelton v. Ervin*, 646 F.Supp.1011, 1015 (M.D. Ga. 1986) (finding a liquor store located near a major interstate highway could be assumed to be engaging in commerce.) Defendants object that the "interstate highways" do not extend past the state of California. According to the Department of Transportation website, these roads are part of the interstate system and designate an area of I-80 that are around or within urban areas. *See* http://www.fhwa.dot.gov/programadmin/interstate.cfm. Accordingly, that I-680 and I-880 are parts of I-80 contained within California does not diminish the inference that interstate travelers frequent the restaurant.

Plaintiffs also argue that ingredients and supplies must have moved across state lines. Plaintiffs are correct that, for enterprise liability, Defendants cannot show lack of commerce by buying their supplies from local vendors. In *Shelton* the court found that employees ordered supplies that must have crossed state lines, because liquors are known to come from particular places, such as Kentucky whiskey. As in *Shelton*, it can be assumed that the some of the ingredients for Chinese food would need to be imported from out of state. Accordingly, the court finds that Defendants have sufficiently shown that employees have handled materials that have been moved in commerce.

                b.      Enterprise Requires No Related Activities

Defendants assert that an Enterprise requires related activities and CSM has no related activities because it only engages in the sale of prepared food. Defendants misunderstand the nature of "related activities." If a business engages in only one business activity, then all of the activities of that business comprises the "related activities." As explained in the Code of Federal Regulations:

> (a) The single establishment business. In the simplest type of organization-- the entire business ordinarily is one enterprise. The entire business activity of the single owner-employer may be performed in one establishment, as in the typical independently owned and controlled retail store. In that case the establishment and the enterprise are one and the same. All of the activities of the store are "related" and are performed for a single business purpose and there is both unified operation and common control. The entire business is the unit for applying the statutory tests. If the coverage tests are met, all of the employees employed by the establishment are employed in the enterprise and will be entitled to the benefits of the Act unless otherwise exempt.

29 C.F.R. § 779.204(a).

The definition of related activities is broad enough that Defendant CSM must engage in related activities. For example, related activities include: "auxiliary and service activities," such as bookkeeping, purchasing, advertising, and the hiring and training of employees. 29 C.F.R. § 779.208. These are functions that must be carried out by Defendant CSM in some form. *Cf*. 29 C.F.R. § 779.207 (the sale of multiple items by a single retail establishment constitutes related activities.)

### C. Motion to Dismiss for Improper Venue

#### 1. Legal Standards for Motion to Dismiss under Rule 12(b)(3)

A motion to dismiss based on a forum selection clause is treated as a motion under Rule 12(b)(3) to dismiss for improper venue. Federal law governs the validity of a forum selection clause. *Manetti-Farrow, Inc. v. Gucci America, Inc*., 858 F.2d 509, 513 (9th Cir.1988). A court can look outside the pleadings and need not accept the pleadings as true. *Argueta v. Banco Mexicano*, *S.A*., 87 F.3d 320, 324 (9th Cir.1996). The trial court has discretion whether to decide this issue on affidavits submitted or to allow discovery and hold an evidentiary hearing. *Murphy v. Schneider National, Inc.*, 362 F. 3d 1133, 1139-40 (9th Cir. 2004).

Because a 12(b)(3) motion has a dramatic effect on plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc*., 362 F.3d 1133, 1138-39 (9th Cir. 2003). However, the party seeking to avoid a freely bargained for forum selection clause faces a "heavy burden of proof." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972).

1    2.      Forum Selection Clause

2       a.      Plaintiff Si

3   Defendants seek to force Plaintiffs into state court based on a provision in Plaintiff Si's employment contract requiring wage claims to be brought in "local court." (Chen Decl. Exh. 8.) As Plaintiffs argue, this clause is ambiguous and should be construed against the drafter, Defendants. Accordingly, the forum selection clause shall not be read to bar litigation in federal court. Moreover, Plaintiff Si claims that he never saw or agreed to the agreement in which the forum selection clause is found. (Si Declaration ¶ 5, Wang Decl. Exh 9.) Defendants submitted a single piece of paper; the top of the paper is a signed W-4 form and the bottom is a copy of the employment agreement. (Chen Decl. Exh. 8.) Plaintiffs argue that the only signed portion is the W-4 and there is no evidence that Si signed the contract containing the forum selection clause. Accordingly, there is no evidence that Plaintiff Si should be bound by the forum selection clause and deprived of his chosen forum.

   b.      Plaintiff Sun

Defendants concede that Plaintiff Sun's employment agreement contains no forum selection clause, but argue that he should be forced to litigate in state court because Defendants merely neglected to include the clause. The court declines interpret an ambiguous forum selection clause against Plaintiff Sun according to the unilateral, mistaken interpretation Defendant Chen possessed when he put the clause in other contracts.

   3.      Discretion to Decline Federal Question Jurisdiction

Defendants assert that this court has discretion to decline federal question jurisdiction where the federal issues are "non-core". Defendants cite *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir. 1993) and *King v. Russell*, 963 F.3d 1301. In *Minnette*, the plaintiff had filed her case in a federal district in which venue was improper and the court exercised its discretion to transfer the case to the proper district instead of dismissing it. In *King*, the court dismissed an action brought in an improper venue. Neither case provides any support for Defendants' argument that this court can decline federal question jurisdiction when there are more state causes of action asserted than federal causes of action. Because this court has no

discretion to decline to hear outnumbered federal claims, the motion to dismiss on this basis is denied.

### D.     Motion to Dismiss for Failure to State a Claim

#### 1.     Legal Standards for Motion to Dismiss under Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) cannot be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). The sole issue in a Rule 12(b)(6) motion is whether the facts, if established, no matter how improbable, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Defendants argue that Plaintiffs have not provided enough notice of their claims under Rule 8. Defendants assert that Plaintiffs failure to state the period of employment and hourly rate violate the notice pleading standards. Defendants are mistaken. Pursuant to Federal Rule of Civil Procedure 8(a), a plaintiff only has to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, notice and clarity of claims is all that is required. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1337 (N.D. Cal. 1991). Plaintiffs have met that standard.

Defendants also move under Rule 12(b)(6) arguing that the affidavits they submitted prove Plaintiffs are not owed money. A court cannot consider outside evidence without converting a 12(b)(6) motion to summary judgment motion. *North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 581-582 (9th Cir.1983).

Accordingly, the motion under Rule 12(b)(6) is denied.

#### 2.     Motion is Not Converted to Summary Judgment Motion

Defendants also seek to convert the 12(b)(6) motion to a motion for summary judgment and ask the court to grant the motion based on Plaintiff's failure to oppose the motion with competent evidence. Rule 12(b)(6) provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R.Civ. P. 12(b)(6). At this early stage in the litigation, there is no reason for the court to adjudicate a summary judgment motion. Moreover, as Plaintiffs were never directed by the court to provide facts to oppose the summary judgment motion, it would be patently unfair to grant the motion under these circumstances. Accordingly, the court excludes from consideration of the 12(b)(6) motion all affidavits and other evidence submitted by the Plaintiffs and declines to convert the motion to dismiss under Rule 12(b)(6) to a motion for summary judgment under Rule 56.

## III. CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that:

1. Counts One, Three, Four and Five are dismissed as to Defendant Chen only;
2. The Motion to Dismiss for Lack of Jurisdiction is Denied
3. The Motion to Dismiss for Improper Venue is Denied.
4. The Motion to Dismiss for Failure to State a Claim is Denied;
5. The Request to Convert the Motion to a Summary Judgment Motion is Denied; and
6. The parties are referred to Magistrate Judge Lloyd for an early judicial settlement conferences to take place no later than July 31, 2007. Within ten days of entry of this Order, the parties shall contact Judge Lloyd's chambers at 408-535-5365 with at least three mutually convenient dates.

IT IS SO ORDERED.

Dated: May  21, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge