UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIAN-RUI SI, MAO-TIN SUN, <br><br> Plaintiffs, <br><br> v. <br><br> CSM INVESTMENT CORP., DBA DARDA SEAFOOD RESTAURANT, SHIH-KWEI CHEN & DOES 1 TO 10, <br><br> Defendants. | Case No.: C- 06-7611    PVT <br><br> ORDER VACATING STATUS CONFERENCE AND GRANTING MOTION TO COMPEL |

**I.   INTRODUCTION**

On June 8, 2007, Plaintiffs filed a Motion to Shorten Time for a Motion to Compel.[1] On June 9, 2007, Defendants filed an Opposition to the Motion to Shorten Time. On June 11, 2007, Plaintiffs filed a Reply to the Motion to Shorten Time. On June 13, 2007, the Court issued an Order Denying the Motion to Shorten Time, Setting a Status Conference for June 26, 2007, and requiring a Joint Status Conference Statement to be filed no later than June 19, 2007. On June 20, 2007, Plaintiffs filed a separate statement. On June 21, 2007, Defendants filed a separate statement. The court deems all of the papers filed to date the complete briefing on the motion to

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

compel and for the following reasons, Grants the Motion to Compel.

## II.   DISCUSSION

### A.   Facts Surrounding Discovery Requests and Meet and Confer Efforts

On March 23, 2007, Plaintiffs propounded Requests for Production of Documents (Set One) consisting of 6 categories of documents and Interrogatories (Set One) consisting of eight interrogatories. The discovery requests sought information about work schedules, time records and payroll records. (Wang Statement ¶ 2). On April 11, 2007, Defendants served responses objecting on the basis of Local Civil Rule 16-7, 15 U.S.C. §77z-1(b)(3), and 15 U.S.C. 78u-4(3)(B). (Wang statement ¶ 3). Defendants did not produce any documents.[2]

On June 17, 2007, Plaintiffs emailed Defendants seeking a commitment to provide the sought discovery at least one week prior to a settlement conference to be held in July. (Shao Exh. 1.) Defendants objected that other commitments precluded them from providing the discovery and preparing for the July settlement conference. Plaintiffs then obtained a continuance of the settlement conference to August 3, 2007. On June 18, 2007, Plaintiff agreed to provide the discovery one week prior to the new settlement conference date. On June 19, 2007, Plaintiffs informed Defendants that they did not realize that settlement conference statements were due a week prior to the settlement conference and seeking responses two weeks prior to the conference, or July 20, 2007. Defendants refused to grant the additional week, stating a single week had been agreed upon. (Shao Statement ¶ 3.) On June 21, 2007, Defendants e-mailed Plaintiffs agreeing to provide the discovery on July 23 2007. (Shao Exh. 2.) That same day, Plaintiffs responded by e-mail, stating that two weeks was necessary because they needed a week to analyze the discovery prior to submitting their settlement conference statement.

Thus, the entire dispute boils down to whether discovery should be provided on July 20, 2007 or July 23, 2007. This trivial matter is not sufficiently important to warrant investing any further court time. Accordingly, the status conference is VACATED.

---

[2] It is not clear from the record, but it appears that Defendants also did not provide a substantive response to interrogatories.

**B.     Defendants' Objections are Overruled as Frivolous**

Defendants objections are overruled as frivolous.  First, Civil Local Rule 16-7 only applies in cases exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26 and this case is not exempt.  Second, 15 U.S.C. §77z-1(b)(3), and 15 U.S.C. 78u-4(3)(B) apply only class actions brought under the Securities Act of 1933.  This is not a securities class action.  Accordingly, all of Defendants objections were frivolous.  Defendants' counsel is cautioned that making frivolous objections can subject her to monetary sanctions.  Plaintiffs are invited to bring a separate motion under Civil Local Rule 37-3 for sanctions.

**C.     Discovery Shall Be Provided No Later than July 20, 2007**

As described above, the dispute boils down to whether responses shall be provided on Friday July 20, 2007 or Monday July 23, 2007.  The Court finds a week to analyze discovery responses prior to filing a settlement conference statement appropriate.  The Court finds no justification for Defense counsel's  unwillingness to provide the discovery two weeks in advance of the settlement conference that was continued for her convenience.

**D.     Defendants' Request for Sanctions is Denied as Frivolous**

Defendants request sanctions against Plaintiffs for failing to meet and confer.  Defendants claim that Plaintiffs' insistence on a week to review long overdue discovery was unreasonable.  Defendants also complain that Plaintiffs reneged[3] on their agreement to have accept the discovery a week prior to the settlement conference.  The Court finds no fault with Plaintiff's failure to initially calculate the date of the discovery in light of the due date for the settlement conference.   To the contrary, Defendants' unwillingness to produce the discovery a single week prior to the due date for the settlement conference statement was unreasonable and the Plaintiff's commitment to the settlement process is commendable.  Finally, Defendants also complain that Plaintiff "hided" from the court the parties' original agreement for production a week before the settlement conference and that Plaintiffs filed their statement a day later than required by the Order.  It would have been a  better practice for Plaintiffs to have divulged the initial agreement,

---

[3]The court assumes that when Ms. Shao wrote "benieged our agreement" she meant reneged on the agreement.  (See Shao Statement Exh. 2.)

1  and the court cautions Plaintiffs against omitting relevant information.  It would also have been
2  better practice for Plaintiffs to have filed a statement by the deadline provided by the Order.
3  Nonetheless, these minor omissions are far from sanctionable.  Indeed, the court finds it odd that
4  Defendants would seek to sanction Plaintiffs when their own statement was even less timely.[4]

**III.    CONCLUSION**

Accordingly, It Is Hereby Ordered that:

1. The status conference set for  June 26, 2007 is VACATED;
2. The motion to compel discovery is Granted and Defendants shall provide all discovery sought no later than July 20, 2007;
3. Plaintiff's Request for Sanctions in Denied.

IT IS SO ORDERED.

Dated: June 22, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] Defendants assert that they did not file a statement on June 19, 2007 because agreement had been reached on June 18, 2007.  However, Defendants admit that they received Plaintiffs' email on June 19, 2007 indicating that no agreement currently existed.