UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TIAN-RUI SI, MAO-TIN SUN,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CSM INVESTMENT CORP., DBA DARDA SEAFOOD RESTAURANT, SHIH-KWEI CHEN & DOES 1 TO 10,<br><br>                    Defendants. | Case No.: C- 06-7611     PVT<br><br>ORDER DENYING MOTION TO EXTEND TIME TO OPPOSE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; GRANTING MOTION FOR PROTECTIVE ORDER AND VACATING HEARING DATE |

**I.     INTRODUCTION**

   Plaintiffs Tian-Rui Si ("Si") and Mao-Tin Sun ("Sun", collectively "Plaintiffs") allege failure to pay overtime as required by California Labor Code and Fair Labor Standards Act ("FLSA", 29 U.S.C. § 201 et seq.)[1]. Plaintiffs worked as cooks of Defendant CSM Investment corp. dba Darda Seafood restaurant ("CSM"). On August 2, 2007, Plaintiffs filed a motion for leave to file a second amended complaint to add a claim under California Labor Code sections 558 and 2699.3. This amendment would substantially broaden the scope of this action by seeking penalties pursuant to California Labor Code Section 2699, the Labor Code Private

---

[1]   The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

Attorney General Act, on behalf of all the employees of Darda Seafood Restaurant. Plaintiffs properly set the hearing date for the motion for September 11, 2007, making Defendants' opposition due on August 21, 2007. At six p.m. on August 29, 2007, Defense counsel, Linda Shao, filed an ex parte motion to extend her time to oppose the Motion for Leave to File a Second Amended Complaint. On September 3, 2007, Plaintiffs timely opposed Defendants' ex parte application. On August 30, 2007, Defendants filed an untimely Opposition to the Motion for Leave to File a Second Amended Complaint.

On August 5, 2007, Plaintiffs filed a Motion for Protective Order to prevent the deposition of Plaintiff Si from taking place on August 6, 2007. Plaintiffs also set the hearing date for his motion for September 11, 2007. Defendants have not filed any Opposition to the motion for protective order.

**II.  DISCUSSION**

### A.  Motion for Extension of Time to Oppose Motion For Leave to File Second Amended Complaint

Under Rule 6(b), an extension may only be granted after the expiration of the time to act "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). The legal standard for excusable neglect is a four-part test that takes "account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Plaintiffs contest that Ms. Shao's neglect was excusable.

Defendants seek an extension of time based upon the illness of counsel and an alleged agreement by Plaintiffs to continue the hearing. Ms. Shao claims she has been "ill from August 14, 2007 with a bad cold and has not yet been fully recovered." (Mot. at 1:22-23.) As Plaintiffs point out, Ms. Shao was well enough on August 16, 2007 to seek dates for deposition of Plaintiffs. (Mot. Exh. A). Similarly, on August 20, 2007, Ms. Shao was well enough to bargain with Mr. Dal Bon to continue the motions. (Mot. at p. 2). Accordingly, Ms. Shao could have

obtained Court permission for more time.  Indeed, as the party in need of more time, Ms. Shao had the responsibility to obtain timely permission from the Court for an extension of time.

Ms. Shao claims that she and Plaintiffs' counsel, Mr. Dal Bon, reached an agreement to continue the pending motions and to engage in further settlement negotiations.  Ms. Shao further claims that Plaintiffs' counsel reneged on the agreement.  The evidence before the court, however, shows that on August 23, 2007, Mr. Dal Bon, counsel for Plaintiffs, faxed Ms. Shao a letter stating that Plaintiffs will withdraw their motions **IF** Defendants provide Si's payroll records and allows inspection of all original payroll records. (Motion Exh. C.)  On June 22, 2007, this Court ordered Defendants to produce all such records no later than July 20, 2007.[2] Despite the fact that Plaintiffs sought only that which was already ordered by this Court, Defendants have still not provided the necessary discovery.  There is no evidence that Plaintiffs agreed to an extension of time in the absence of Ms. Shao's production of the documents.  Accordingly, as Plaintiffs argue, Ms. Shao should not be able to claim the benefit of the agreement that her own conduct precluded.  Thus, the reason for the delay does not support a finding of "excusable" neglect.

In light of the liberal standards governing amendments to pleadings, allowing additional time to oppose the motion is not in the interest of judicial administration.  Moreover, Ms. Shao's refusal to produce documents that the Court Ordered to be produced long ago raises serious questions as to the good faith of Ms. Shao.  Accordingly, Ms. Shao's neglect in failing to timely oppose the motion was not excusable and the Motion for an Extension of Time is DENIED.

**B.     Motion for Leave to File Second Amended Complaint**

Federal Rule of Civil Procedure 15 permits Plaintiffs to amend a complaint after a responsive pleading has been filed.  "[T]he 'Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), F[ed].R.Civ.P., by freely granting leave to amend when justice so requires.'"  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

---

[2] Defendants have provided no justification for their failure to comply with the court order. This failure to comply with a Court Order is the subject of a Motion for Contempt, currently set for hearing on October 2, 2007.

1987) (citations omitted).  It is the party opposing the motion to amend that "bears the burden of demonstrating that a substantial reason exists to deny leave to amend." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (citation omitted).  "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment. *Moore v. Kayport Package Exp., Inc*., 885 F.2d 531, 538  (9th Cir. 1989), *citing  Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, there is no evidence of undue delay, bad faith, or dilatory motive.  Plaintiffs waited only six months after the lawsuit was filed to provide notice to the California Labor and Workforce Development Agency and to Defendants of their intent to seek penalties pursuant to California Labor Code Section 2699.  Plaintiffs have previously filed a First Amended Complaint.  The First Amended Complaint, however, was not substantially different from the original Complaint and successfully withstood a motion to dismiss.[3]  Accordingly, there is no repeated failure to cure deficiencies by previous amendments.  Additionally, there is no undue prejudice to Defendants as this case is still in the early stages.  Discovery is open until February 1, 2008, dispositive motions need not be heard until March 11, 2008, and trial is not until June of 2008.  Moreover, upon a timely showing of good cause, Defendants can be granted the right to re-open any closed discovery or to extend any deadline that cannot be met because of the amendment.  Finally, there has been no showing that the amendment would be futile.

Accordingly, pursuant to the liberal policy of Rule 15, Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED.

### C. Plaintiffs' Motion for Protective Order

Plaintiffs moved for a Protective Order in order to prevent Plaintiff Si from having to appear for deposition during the same week as the mediation in this case.  Plaintiffs claimed that

---

[3] The First Amended Complaint omitted an allegation that Defendant Chen is the alter ego of Defendant CSM; and added a more detailed allegation of jurisdiction under the FLSA.  The Court denied Defendants' motion to dismiss based on lack of jurisdiction under the FLSA and granted Defendant Chen's motion to dismiss the state law claims against him.

the burden to Si was undue in that he could not obtain two days off from work in the same week. In light of the undue burden, Plaintiffs' unopposed motion for protective order is GRANTED. The parties are urged to work cooperatively to select deposition dates that are not unduly burdensome. Any failure to be reasonable in noticing, or appearing, for depositions will result in sanctions.

### III.  CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that:

1. Plaintiffs' Motion for Leave to File a Second Amended Complaint is GRANTED, with the caveat that Plaintiffs may not restate claims that have previously been dismissed;
2. Plaintiffs' Motion for Protective Order is GRANTED;
3. The September 11, 2007 hearings for the Motion for Leave to File a Second Amended Complaint and the Motion for Protective Order are VACATED.

IT IS SO ORDERED.

Dated: September  6 , 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge